**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4598**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

SHERRY SCOTT,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (2:05-cr-00217)

---

Submitted: May 31, 2007              Decided:  June 4, 2007

---

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Leah P. Macia, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherry Scott pled guilty to conspiracy to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 846 (2000) and was sentenced to fifty-seven months in prison. Scott asserts she should now be permitted to withdraw her guilty plea because the Government allegedly breached a promise it would not use her co-conspirator's debriefing statement in determining the amount of relevant conduct it would attribute to her at sentencing. Scott also claims that without the debriefing statement, her sentence is unsupported. We affirm Scott's conviction and sentence.

Because Scott never moved to withdraw her guilty plea in the district court, we review for plain error. See United States v. Walker, 112 F.3d 163, 166 (4th Cir. 1997). To demonstrate plain error, Scott must establish that error occurred, that it was plain, and that it affected her substantial rights. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). Scott has failed to meet this burden.

First, Scott failed to present evidence the Government ever made a promise it would not use information obtained from the debriefing statement in determining her relevant conduct. Moreover, the record reveals Scott's plea was knowing and voluntary and that the district court sentenced Scott below the mandatory minimum statutory sentence after properly determining her

guidelines range and thoroughly considering the factors set forth at 18 U.S.C. § 3553(a) (2000).

Accordingly, we affirm Scott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED